SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
(973) 643-7000
Mark S. Olinsky (MO0845)
Jonathan S. Jemison (JJ7214)

GARDNER CARTON & DOUGLAS LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606
(312) 569-1000
Richard W. Young (RY3957)
Liisa M. Thomas (LT4744)
Nicole M. Murray (NM8562)
Attorneys for Plaintiff
Kos Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KOS PHARMACEUTICALS, INC., | : | Civil Action No. 03-CV-03714 (DMC) |
| Plaintiff, | : | |
| vs. | : | |
| ANDRX CORPORATION and ANDRX LABORATORIES, INC., | : | **PRELIMINARY INJUNCTION ORDER** |
| Defendant. | : | |

Upon remand from the United States Court of Appeals for the Third Circuit of Kos's

Motion for a Preliminary Injunction and instructions that "the district court fashion and enter, on

an expedited basis, an order preliminarily enjoining Andrx from using the ALTOCOR mark in

connection with the marketing and sale of its extended-release lovastatin medication,"

IT IS ON THIS 27 DAY OF MAY, 2004

ORDERED THAT:

1.      Defendants, Andrx Corporation and Andrx Laboratories, Inc., and all agents, officers, employees, representatives, successors, assigns and all other persons acting in concert or participation with Defendants, and each of them, be ~~immediately~~ enjoined, pending final hearing or trial of this action from:

(a)     Producing, distributing, advertising, offering for sale or selling drugs under the trademark ALTOCOR or any other mark which is a colorable imitation or is confusingly similar in any manner to Kos's ADVICOR trademark, including phonetic equivalents; or

(b)     Representing, in any manner or by any method whatsoever, that any goods not sponsored, approved, or authorized by or originating from Kos but sold by defendants are sponsored, approved, or authorized by or originate from Kos, or from otherwise taking any action likely to cause confusion, mistake, or deception of the public as to the origin, approval, sponsorship or certification of such goods.

2.      Defendants ~~recall~~ WITHDRAW all drugs, packaging, and promotional and advertising materials bearing the ALTOCOR mark, regardless of where those materials are situated in the distribution chain, including, but not limited to, package inserts, container labels, professional samples, product brochures, promotional collateral, and product cartons currently in the distribution chain.

3.      ~~Defendants and their distributors deliver up to the Court any and all product packaging, advertisements, brochures, promotional items, and the like in their possession or control which might, if sold or used in conjunction with the sale, distribution, or promotion of any product violate any injunction granted herein.~~

3. DEFENDANTS AND THEIR ~~DISTRIBUTORS~~ SHALL CERTIFY TO THE COURT THE EFFORTS MADE TO ASSURE COMPLIANCE WITH THIS ORDER.

2

4.    Kos shall ~~not~~ be required to post a bond ~~since Defendants publicly announced~~ *IN THE AMOUNT OF 2 MILLION DOLLARS.*

~~approximately one month ago their intention to change the name of their Altocor drug and to~~

~~discontinue use of the ALTOCOR trademark. The effect of this preliminary injunction,~~

~~therefore, is primarily to expedite the implementation of a decision already made and announced~~

~~by Defendants. Accordingly, this Court finds that Andrx will not incur any compensable money~~

~~damages prior to final disposition of this matter should it be determined that Andrx was~~

~~erroneously enjoined.~~

5.    This Preliminary Injunction shall take effect *WITHIN 21 DAYS* from its date of entry and shall

remain in full force and effect until further Order of this Court.

Dated: May 27, 2004

The Honorable Dennis M. Cavanaugh
United States District Court Judge

CH02/ 22313141.3

3